The Honorable Ellen B. Samuelson State Representative, Seventy-Fourth District 4102 N. West Road Newton, Kansas 67114
Dear Representative Samuelson:
As representative for the seventy-fourth district, you request our opinion regarding the format used for stickers to be used by electors casting a vote for a write-in candidate.
The legislature has recognized various technologies which may be used in counting and tabulating votes cast by electors. See K.S.A. 25-601 etseq. (official ballots); 25-1301 et seq. (voting machines); 25-4401 etseq. (electronic and electromechanical voting systems); and 25-4601 etseq. (optical scanning systems). The ability to use stickers for the purpose of casting a vote for a write-in candidate and the form such stickers must take is dependent in part on the type of technology used in counting and tabulating votes.
Official Ballots
K.S.A. 25-612 provides in part that official ballots must include blank spaces at the end of the list of candidates for each office, "in which the voter may insert the name of any person not printed on the ballot for whom the voter desires to vote for such office." In casting a vote for a write-in candidate, the voter is required to write the name of the write-in candidate in the blank space provided, except as is otherwise required by law. K.S.A. 25-2903. In Attorney General Opinion No. 84-99, it was determined that the use of a sticker in casting a vote for a write-in candidate was permissable and should be given effect provided the sticker is used in such manner that the voter's intent is clear.
 "[I]t is our opinion that the use of labels or stickers by persons voting for write-in candidates should not invalidate either the person's vote in the particular race or the entire ballot which is cast. To be sure, the placement of a sticker or label must be close enough to the space designated for the write-in to show the elector's intention. If the sticker or label covers words on the ballot which are not material, is upside down, extends over the edge of the ballot, is too wide for the spot designated, or is out of alignment with the printed portion of the ballot, the intent of the voter should still prevail. However, if the sticker is affixed next to the wrong office or is placed in such a way that it is not clear which office is being referred to, the intent of the voter is not clear and the sticker should not be given effect, although the entire ballot is not voided. (For cases discussing each of these deviations in placement, see Devine v. Wonderlich, [268 N.W.2d 620, 626 (Iowa 1978)].) "
While it has been determined that stickers are permissable in casting votes for write-in candidates, state statute does not designate a particular form which such stickers must follow. The fact that unnecessary words are printed on the stickers, or the size of type on the stickers does not conform with the official size of type on the ballot, is not a ground for rejecting the ballot. 26 Am.Jur.2d Elections sec. 269 (1966). However, a person wishing to prepare stickers for use by voters should be aware of prohibitions regarding information which may appear on ballots.
K.S.A. 25-2902 provides in part that it is unlawful "to make any mark upon a ballot except a cross or check mark in a voting square opposite the name of a person for whom the voter desires to vote." A sticker placed upon a ballot by a voter would in all likelihood be deemed a mark placed upon the ballot. Therefore, if the sticker contains marks in addition to the name of a write-in candidate, and the sticker is placed upon the ballot such that the marks do not constitute a cross or check mark in the appropriate voting square, the additional marks could be deemed by the board of canvassers to violate K.S.A. 25-2902.
K.S.A. 25-619 provides in part:
 "No title, degree or other symbol of accomplishment, occupation or qualification either by way of prefix or suffix shall accompany or be added to the name of any candidate for nomination or election to any office on ballots in any primary or general election."
The statute is among the provisions regarding the preparation and printing of official ballots. Therefore, it is questionable whether a write-in vote containing items other than the name of the write-in candidate would be invalid under K.S.A. 25-619. However, the statute is indicative of the legislature's intent regarding prepared materials which are to be used by voters.
In Boddington v. Schaible, 134 Kan. 696, 698-99 (1934), the court determined that the color of pencil used in marking a ballot was immaterial, and votes cast using indelible pencil, red crayon, and red pencil should be counted. State statute regarding marking official ballots does not modify this conclusion. Therefore, while ballots must be printed in black ink and on paper the color of which complies with K.S.A. 25-601 and K.A.R. 7-29-2, stickers used in casting votes for write-in candidates are not subject to such restrictions.
Electronic and Electromechanical Voting Systems
The use of electronic and electromechanical voting systems is subject to K.S.A. 25-4401 et seq. The legislature has recognized that electronic and electromechanical voting systems may be available in a number of kinds or makes. See K.S.A. 25-4404. The legislature, therefore, has set forth in K.S.A. 25-4406 a number of requirements such systems must meet. Among the requirements is that the systems "provide facilities for `write-in' votes." K.S.A. 25-4406. Pursuant to subsection (c) of K.S.A.25-4409:
 "A separate write-in ballot, which may be in the form of a paper ballot, card or envelope in which the voter places his or her ballot card after voting, shall be provided where necessary to permit electors to write in the names of persons whose names are not on the ballot." (Emphasis added.)
Write-in votes may be cast by using the facilities incorporated in the voting system or by using a separate write-in ballot. A voter using an electronic or electromechanical voting system is to be "instructed to use only the marking device provided for punching or slotting the cards and to not mark the ballot or ballot card in any other way except forwrite-ins." K.S.A. 25-4410 (emphasis added). Except in those instances in which a separate paper ballot is used for casting a vote for a write-in candidate, state statute does not prescribe the manner in which a write-in vote is to be cast when using an electronic or electromechanical voting system.
Prior to entering the voting booth, each voter is to be instructed on how to operate the voting system. K.S.A. 25-4410. The legislature has, through its failure to expressly establish instructions to be given each voter, deferred to the county election officer to establish such instructions, permitting the instructions to be geared to the particular electronic or electromechanical voting system being used by the county.See K.S.A. 25-2706. Therefore, if the county is using an electronic or electromechanical voting system which incorporates within the voting system facilities for casting write-in votes, the county election officer may establish procedures for casting the write-in votes. Such procedures may qualify the use of stickers in casting a vote for a write-in candidate.
However, insofar as applicable, the procedures provided for voting on paper ballots are to apply to electronic or electromechanical voting systems. K.S.A. 25-4410. If the county election officer in a county using an electronic or electromechanical voting system has provided a separate paper ballot for casting a vote for a write-in candidate, the procedures applicable for voting on paper ballots should be followed. The analysis set forth above regarding official ballots should be followed when paper ballots are provided for casting votes for write-in candidates when an electronic or electromechanical voting system is used.
Optical Scanning Systems
As with electronic and electromechanical voting systems, the legislature has recognized that more than one kind or make of optical scanning system may be available for use by the county election officer.See K.S.A. 25-4604. Regardless of the kind or make of optical scanning system, the system must be capable of tabulating the number of votes cast for a write-in candidate. K.S.A. 25-4613. State statute does not prescribe the manner in which a vote is to be cast when using an optical scanning system. However, "[w]hen a voter is handed a ballot, such voter shall be instructed to mark the ballot as directed, and to not mark theballot in any other way." K.S.A. 25-4609 (emphasis added). As is the situation with electronic and electromechanical voting systems, the legislature has deferred to the county election officer to establish such instructions, permitting the instructions to be geared to the particular optical scanning system used by the county. Because the legislature has deferred to the county election officer to develop such instructions, the county election officer may implement an instruction regarding the manner in which a valid vote for a write-in candidate may be cast. Therefore, persons wishing to prepare stickers for use by voters using an optical scanning system should seek the assistance of the county election officer regarding any requirements for stickers.
Voting Machines
Votes cast for write-in candidates in areas using voting machines must be handwritten. K.S.A. 25-1330. The use of stickers for the purpose of casting votes for write-in candidates is prohibited in areas using voting machines.
Other Issues
You also ask whether a valid vote for a write-in candidate is cast if the voter fails to make a cross or check mark in the square to the left of the blank space provided for write-in votes.
K.S.A. 25-2903 states:
 "Except as otherwise provided by law, if a voter desires to vote for a person whose name is not on the ballot, the voter shall write the name of such person in the blank space, if any is provided, under the appropriate title of the office. Failure to make a cross or check mark in the square to the left of such name shall not invalidate that portion of the ballot unless it is impossible to determine the voter's intention. If no blank space is provided for writing in the name of a person whose name is not on the ballot, voters may not vote for any person whose name is not on the ballot." (Emphasis added.)
Votes for candidates printed on the ballot are cast by making the appropriate mark in the square to the left of the candidate's name. K.S.A. 25-2903 clearly requires that a voter wishing to cast a vote for a write-in candidate write the name of the write-in candidate in the space provided. The statute does not expressly require that a mark be placed in the square to the left of the blank space. Rather, the statute indicates that failure to make the mark does not invalidate the portion of the ballot containing the name of the write-in candidate. If the voter's intent can be derived from the ballot despite the fact the ballot does not contain a mark in the square to the left of the write-in candidate's name, the ballot should be counted.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm